THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NATALIE CAPONE, On behalf of ) Case No. 2:93-CV-0285-S
herself and all others )
similarly situated, )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
NU SKIN CANADA, INC., NU SKIN     )   MEMORANDUM DECISION
INTERNATIONAL, INC., BLAKE        )
RONEY, CLARA MCDERMOTT and        )
RICHARD KALL,                     )
                                  )
          Defendants.             )
                                  )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Before the court is plaintiff's motion to reconsider denial of class certification and to certify non-reliance based claims.[1] On June 2, 1997, the court denied plaintiff's motion for class certification concluding that the existence of individual issues as to what communications were made and the extent of reliance predominated over common issues and made the proposed class unmanageable.

Plaintiff now moves the court to certify the class only as to those claims which she asserts do not require proof of misrepresen-

---

[1] On July 18, 1997, plaintiff and the Nu Skin defendants jointly moved the court to stay this case pending settlement negotiations. On January 30, 1998, the court was informed that settlement negotiations were ongoing and that the parties required an additional forty-five days to complete their talks. The court was subsequently informed that negotiations had terminated unsuccessfully.

tation, omission or reliance. These she contends would include her claims under section 12(1) of the Securities Act of 1933, her claim for violation of the Utah Pyramid Scheme Act, and her new proposed claim under the Utah Uniform Securities Act. Plaintiff urges that "limiting the class to non-reliance based claims would eliminate the only obstacle which this court has held precludes class certification, namely, the need to prove misrepresentations, omissions and reliance on an individual basis." Plaintiff's Memorandum in Support, p.3. The court agrees.

Defendants' contention that "a motion for reconsideration may not be based upon new arguments raised after the decision by the trial court" is misplaced in the present context. The authorities relied upon by defendants for the proposition that motions to reconsider decisions granting summary judgment may not be based on new arguments are easily distinguishable from an order regarding class certification. Orders pertaining to class certification are expressly subject to alteration or amendment. See Fed. R. Civ. P. 23(c)(1)("order under this subdivision may be conditional, and may be altered and amended before the decision on the merits"). In any event, the Tenth Circuit authorities relied upon by defendants place the matter whether to consider new evidence within the trial court's discretion. See Equal Employment Opportunity Comm'n. v. Foothills Title Guaranty Co., No. 90-A-361, 1992 WL 43492 (10th Cir. March 2, 1992).

2

Defendants also contend that, because of the absence of a uniform script, plaintiff's section 12(1) claims will require an individualized factual inquiry into each sales presentation in order to determine whether each of the plaintiff class had a reasonable expectation of profits to be derived primarily from the efforts of others. Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77l(1) provides that any person who "offers or sells a security in violation of Section 5 . . . shall be liable to the person purchasing such security from him." Section 5, 15 U.S.C. § 77e, prohibits the unregistered sale of securities. To constitute a security, "'[t]he touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others.'" Piambino v. Bailey, 610 F.2d 1306, 1317-18 (5th Cir. 1980)(quoting United Housing Foundation Inc. v. Forman, 421 U.S. 837, 852 (1975)). As plaintiff suggests, whether the Nu Skin marketing plan constitutes a security for purposes of plaintiff's section 12(1) claims will involve an objective reasonable person inquiry, rather than an analysis of each class member's subjective belief. See Piambino v. Bailey, 610 F.2d at 1320)("the application of the statute must be objectively based. What a 'reasonable investor' would under all the circumstances expect is for determination by the trier of fact in much the same manner as the determination of what a reasonable person would or would not have done concerning acts claimed to have been negligent). The court

agrees with plaintiff that there is sufficient evidence that was generally available and common to all proposed class members to conclude that common issues as to whether Nu Skin Canada distributorships are securities predominate and to allow plaintiff's 12(1) claims to proceed as a class action.

Accordingly, plaintiff's motion to reconsider denial of class certification and to certify non-reliance based claims is GRANTED as to violation of section 12(1) of the Securities Act of 1933 and as to violation of the Utah Pyramid Scheme Act. As more fully outlined in a companion decision, the court denies plaintiff's motion for leave to amend her complaint to add a new claim for violation of the Utah Uniform Securities Act. Thus, certification of that issue will not be allowed.

DATED this __13th__ day of __May__, 1998.

BY THE COURT:

_/s/ David Sam_
DAVID SAM
CHIEF JUDGE
U.S. DISTRICT COURT

kam

United States District Court
for the
District of Utah
May 13, 1998

\* \* MAILING CERTIFICATE OF CLERK \* \*


Re:   2:93-cv-00285


True and correct copies of the attached were mailed by the clerk to the following:

Donald J. Purser, Esq.
DONALD JOSEPH PURSER & ASSOC PC
236 S THIRD EAST
SALT LAKE CITY, UT   84111

David Pastor, Esq.
GILMAN AND PASTOR
1 BOSTON PL 28FL
BOSTON, MA   02108

Mr. Michael D. Smith, Esq.
NU SKIN INTERNATIONAL
75 W CENTER STREET
PROVO, UT   84601

John Shuff, Esq.
Robins, Kaplan, Miller & Ciresi
444 Market St. Ste. 2700
San Francisco, CA   94111-5332

Ernest I. Reveal, Esq.
ROBINS KAPLAN MILLER & CIRESI LLP
600 ANTON #1600
COSTA MESA, CA   92626-7147

A. J. Bartolomeo, Esq.
ROBINS KAPLAN MILLER & CIRESI LLP
444 MARKET ST #2700
SAN FRANCISCO, CA   94111-5332

Mr. David W Scofield, Esq.
PARSONS DAVIES KINGHORN & PETERS
185 S STATE ST STE 700
SALT LAKE CITY, UT   84111

Mr. E Scott Savage, Esq.
BERMAN GAUFIN TOMSIC & SAVAGE
50 S MAIN ST STE 1250
SALT LAKE CITY, UT   84144
FAX 9,5319926

Mr. Gil Athay, Esq.
43 E 400 S #325
SALT LAKE CITY, UT  84111

David Z. Chesnoff, Esq.
GOODMAN & CHESNOFF
520 S 4th Street
Las Vegas, NV  89101

Louise York, Chief Deputy Clerk

Librarian